UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANGEL STAYLER** | : | **CIVIL ACTION NO. 2:22-cv-00689** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DALBIR SINGH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff, Angel Stayler ("Stayler"). Doc. 8. The motion is opposed by defendant AmTrust North America, Inc. ("AmTrust"). Doc. 13. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED.**

### I.
### OVERVIEW

At issue is whether the court can exercise diversity jurisdiction over parties of diverse citizenship, where the plaintiff estimates that her damages will exceed the jurisdictional threshold of $75,000, but one of the two insurer defendants is an uninsured/underinsured motorist ("UM") carrier with a policy limit of only $15,000, well below the $75,000 threshold set by 28 U.S.C. § 1332. For the reasons that follow, we find that the court may exercise supplemental jurisdiction over the claims against the UM carrier under 28 U.S.C. § 1367.

## II.
### BACKGROUND

Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc. 1, att. 2, p. 2. The petition alleges that plaintiff was injured when the car she was driving was struck by a wheel that detached from a truck being driven by defendant Dalbir Singh ("Singh"). *Id.*, p. 3, ¶ 5. In addition to Singh, defendants are Singh's employer, Golden Empire Trucking, Inc. ("Golden"), Golden's liability insurer AmTrust North America, Inc. ("AmTrust"), and Stayler's UM carrier, State Farm Mutual Automobile Insurance Company ("State Farm"). The petition seeks damages for past, present, and future physical and mental pain and suffering, medical expenses, loss of enjoyment of life, disability, and lost earning capacity. *Id.*, p. 5, ¶ 16.

On March 14, 2022, AmTrust timely removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332, asserting that the amount in controversy exceeds $75,000 and the parties are of diverse citizenship. Doc. 1. There has been no argument regarding the diversity of the parties, and the court is satisfied that they are of diverse citizenship.[1] All defendants who had been served at the time of removal consented to removal.[2]

---

[1] The Notice of Removal alleges that plaintiff is a resident and domiciliary of Louisiana. Doc. att. 1, p. 2, ¶ 5. Plaintiff does not challenge this allegation or the allegations of citizenship as to the defendants, which are as follows: Defendant AmTrust is alleged to be a New York corporation with its principal place of business in Ohio, making it a citizen of New York and Ohio. *Id.*, ¶ 7. Defendant Singh is alleged to be a resident and domiciliary of California, making him a citizen of California. *Id.*, ¶ 8. Defendant Golden is alleged to be a California corporation with its principal place of business in California, making it a citizen of California *Id.*, ¶ 9. Defendant State Farm is alleged to be an Illinois Corporation with its principal place of business in Illinois, making it a citizen of Illinois. *Id.*, ¶ 10. Based on these unchallenged assertions of citizenship, AmTrust argues that all defendants are completely diverse from plaintiff because no defendant is a citizen of the state of Louisiana, thus satisfying the diversity requirement of 28 U.S.C. § 1332.

[2] AmTrust attached to its Notice of Removal documentation indicating that Singh and Golden consent to the removal. Doc. 1, att. 3-4. AmTrust asserts that State Farm's consent to removal was not required under 28 U.S.C. § 1446(b)(2)(A) because State Farm had not yet been served as of March 14, 2022. Doc. 1, p. 5, ¶ 24-25. Stayler does not challenge this assertion, and the court agrees that AmTrust has obtained the consent of all parties whose consent was required under 28 U.S.C. § 1446(b)(2)(A).

Defendant asserts that the amount in controversy exceeds $75,000 because the nature of plaintiff's alleged damages suggest as much. Doc. 1, p. 3, ¶ 14. Plaintiff agrees that her damages are extensive, arguing in her Motion to Remand that her injuries "indicate that her damages could exceed $1 million[,]" which is the policy limit of AmTrust's liability policy. Doc. 8 att. 1, p. 5; Doc. 13, p. 4. Plaintiff argues, however, that the amount in controversy must be satisfied separately as to each defendant, and the $15,000 limit on the State Farm UM policy precludes the court from finding that the amount in controversy is met as to State Farm.

### III.
### THE PARTIES' ARGUMENTS

Plaintiff filed a timely motion to remand on April 13, 2022. Doc. 8. Plaintiff contends that this court lacks jurisdiction because the defendants cannot meet their burden of showing that the amount in controversy exceeds $75,000 as to State Farm because State Farm's policy limit is $15,000. Doc. 8, att. 1, p. 3. Specifically, Plaintiff references *Wheeler v. Farmers Insurance Exchange* to argue that the "jurisdictional amount [is] controlled by the extent of UM insurer's potential liability to plaintiff, not including the amount of plaintiff's recovery against underinsured motorist." *Id.* (citing *Wheeler*, No. 13-CV-0951, 2013 WL 4432097 (W.D. La. Aug 16, 2013)). Plaintiff reasons that this lawsuit could not result in a lawful judgment against State Farm in excess of $15,000, and that UM carriers are not considered solidary obligors with liability carriers, so that the amount in controversy requirement is not met as to State Farm, requiring remand.

In response, AmTrust distinguishes *Wheeler* as a case in which the liability carrier settled with plaintiff for $50,000 before plaintiff brought suit against her UM carrier. Doc. 13, p. 5. In that case, this court found that the UM coverage limit of $50,000 could not be aggregated with the prior settlement amount of $50,000 to satisfy the $75,000 amount in controversy requirement because the lawsuit against the UM carrier could not result in a judgment in excess of $50,000.

*Wheeler*, 2013 WL 4432097 at *2. AmTrust instead directs the court's attention to *Briley v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-1350, 2012 WL 219431, at *3 (W.D. La. Jan. 23, 2012). In *Briley*, this court held that the amount in controversy totaled $100,000, where plaintiffs sued both the driver and a UM carrier and claimed that "the $50,000 they will potentially receive from the adverse driver is insufficient to satisfy their damages and that they suffered injuries sufficient to warrant distribution of an additional $50,000" from the UM carrier. *Id.*, p. 4 (quoting *Briley*, 2012 WL 219431 at *3). AmTrust argues that plaintiff's underlying claim is clearly for much more than $15,000, so that State Farm's policy limit is irrelevant to the amount in controversy question because the insurers should be considered solidary obligors.[3] Neither party directly discusses whether this court may exercise supplemental jurisdiction over the State Farm claims, but the court finds that supplemental jurisdiction is the controlling principle here.

## IV.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper

---

[3] Both parties discuss at length whether AmTrust and State Farm are solidary obligors here because the United States Court of Appeals for the Fifth Circuit has held that, "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff." *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). Plaintiff argues that AmTrust and State Farm are not solidary obligors under Louisiana law. Doc. 8, att. 1, p. 3. The Louisiana Supreme Court considered "whether an accident victim's uninsured motorist carrier is solidarily obligated with the tortfeasor's liability carrier so that the victim's timely suit against the latter interrupts prescription with regard to the victim's uninsured motorist carrier[,]" and the court determined that "tortfeasor's motor vehicle liability carrier is not solidary obligated with an accident victim's uninsured motorist carrier." *Rizer v. Am. Sur. & FId. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So. 2d 387, 388. Defendant responds that under Louisiana law "it is the coextensiveness of the obligations for the same debt which creates the solidarity of the obligation" and that State Farm and AmTrust are solidary obligors here for the purposes of the jurisdictional amount, insofar as both policies are alleged to provide coverage to plaintiff for the same injuries arising from the same accident. Doc. 13, p. 2-3 (quoting *Bellard v. Am. Cent. Ins. Co.*, 2007-1335 (La. 4/18/08), 980 So. 2d 654, 664). Having determined that this court may exercise supplemental jurisdiction over State Farm's claims, we need not address the extent to which these legal principles apply here.

district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Here, the parties do not dispute that complete diversity exists between plaintiffs and defendants. And although plaintiff acknowledges that her total damages exceed the jurisdictional threshold, she argues that State Farm's "presence as a defendant in this matter destroys the Court's diversity jurisdiction and requires the remand of this case [ . . . ]." Doc. 8, att. 1, p. 2.

Plaintiff's reasoning is inconsistent with the reasoning of *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, in which the United States Supreme Court considered whether a federal court may exercise supplemental jurisdiction in a diversity case "in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not," reasoning:

> We now conclude the answer must be yes. When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2620 (2005). If under *Allapattah* a federal court in diversity action may exercise supplemental jurisdiction over additional diverse *plaintiffs* whose claims do not satisfy the amount in controversy requirement, we see no reason why that court would be prevented from exercising supplemental jurisdiction over additional diverse *defendants* whose claims do not satisfy the amount in controversy requirement.

Under 28 U.S.C. § 1367(a), a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

- 5 -

they form part of the same case or controversy [ . . . ]." 28 U.S.C. § 1367(a). But in diversity cases, the exercise of supplemental jurisdiction is limited to claims that will not be "inconsistent with the jurisdictional requirements" of 28 U.S.C. § 1332:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367. Here, there is no question that the claims against State Farm and AmTrust arise from the same case or controversy because the same accident and injuries allegedly gave rise to the liability of both insurers, allowing the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a). Because State Farm is diverse from plaintiff and no other jurisdictional defects are alleged as to State Farm,[4] we find that 28 U.S.C. § 1367(b) does not prevent us from exercising supplemental jurisdiction over the claims against State Farm, regardless of the amount of those claims.[5] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2620 (2005).

---

[4] State Farm filed its Answer on August 12, 2022, and did not challenge plaintiff's jurisdictional allegations. Doc. 14.

[5] The authors of Federal Practice and Procedure (Wright & Miller) observe that *Allapattah* and its companion case, *Del Rosario Ortega v. Star-Kist Foods, Inc*., left unanswered the question now before the court, whether 28 U.S.C. § 1367 allows the exercise of supplemental jurisdiction where claims against one defendant are limited to an amount below the jurisdictional threshold:

> The Court did not consider the availability of supplemental jurisdiction in actions, filed in state court, having the structure P (diverse from D1 and D2), asserting a claim in excess of $75,000 against D1 but asserting a claim for $75,000 or less against D2. Under the literal terms of Section 1367(b), the district courts would not have supplemental jurisdiction over the claim against D2, if D2 was made a party under Federal Civil Rule 19 (a person to be joined if feasible), Federal Civil Rule 20 (a proper party) or Federal Civil Rule 24 (an intervenor). Whether this makes sense as a policy matter, given the reasoning in *del Rosario*, is questionable.

Joan Steinman, Mary Kay Kane & A. Benjamin Spencer, 14C Fed. Prac. & Proc. Juris. § 3725.3 (Rev. 4th ed.) (Amount in Controversy in Removed Actions—Aggregation of Claims, Supplemental Jurisdiction, and Non-Monetary Relief). We agree with the authors of Federal Practice and Procedure that when read in conjunction with

## V.

### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 8] be **DENIED**.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of November, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

*Allapattah,* 28 U.S.C. § 1367(b) should not be interpreted to require that a court may only exercise supplemental jurisdiction over claims that independently satisfy the amount in controversy requirement.